IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELO RODRIGUEZ | : | |
| | : | |
| Plaintiff | : | 11 –CV-00043 |
| | : | |
| v. | : | Honorable Jan E. Dubois |
| | : | |
| NATIONAL RAILROAD | : | Jury Trial Demanded |
| PASSENGER CORPORATION, | : | |
| *t/d/b/a* AMTRAK | : | |
| | : | |
| Defendant | : | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I. **ARGUMENT**

   A. Scope of Review

The party moving for summary judgment under Fed. R. Civ. P. 56(c) bears the burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317(1986). When determining whether the moving party has proven the absence of a genuine material issue of fact, the facts asserted by the nonmoving party, if supported by affidavits or other evidentiary material, must be regarded as true. *Scott v. Plante*, 532 F.2d 939 (3d Cir. 1976). All inferences to be drawn from the underlying facts must be viewed in the light most

1

favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655. "[I]f . . . there is any evidence in the record from any source from which a reasonable inference in the [nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary judgment . . . ." *Celotex*, 477 U.S. at 330 n.2 (quoting *In re Japanese Electronic Products Antitrust Litigation*, 723 F.2d 238, 258 (1983), reversed on other grounds *sub nom.*)

    B.    The Defendant Failed to Show the Plaintiff Cannot Establish a *Prima Facie* Case of Discrimination in the Promotion Process

To state a *prima facie* case of discrimination the plaintiff must show: (1) he was a member of a protected class, (2) he applied and was qualified for the job for which the employer was seeking applicants, (3) despite his qualifications, he was rejected, and (4) after his rejection, the position remained open and the employer continued to seek applicants with the employee's same qualifications.

*Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994).

The Defendants argue the Plaintiff cannot state a *prima facie* case of discrimination because he was not qualified. The mandatory criteria for the position to be filled, the District Manager Stations- Harrisburg, were fully set forth in the posting announcing the vacancy. Exhibit A, Job Posting; Kerins Dep 20-21. The sections in the job posting with the headings "WORK EXPERIENCE," and

"COMMUNICATION AND INTERPERSONAL SKILLS"[1] set forth the only mandatory requirements to be considered. Kerins Dep. 25-34. The Defendant's only articulated basis for its argument that the Plaintiff was not qualified was that the Plaintiff's lack of experience in mechanical operations and its unsubstantiated claim that the Plaintiff had no CRF experience.[2] Yet, neither mechanical experience nor a familiarity with CFR's were required to be considered qualified for the position. Kerins Dep. 28-29; Exhibit A, Job Posting.

In addition, the job application of the Plaintiff shows the Plaintiff met all criteria. Mr. Rodriguez' application, shows the Plaintiff worked in baggage, ticketing and reservations, maintenance, and supervised all areas for the Harrisburg and Lancaster stations. Exhibit B, Rodriguez Application. Mr. Rodriguez testified at length how he was qualified, and was better qualified than Mr. Webber. Rodriguez Dep. pp. 56-80. Thus, given that the Defendant's only evidence that

---

[1] Ms. Kerins testified that the "OTHER REQUIREMENTS" section of the job posting was not a list of mandatory requirements. Kerins Dep p. 33; Exhibit A, Job Posting.

[2] While the Defendant also asserts the Plaintiff has no experience with the Code of Federal Regulations, there is no evidence to support that claim. The Defendant cites the Plaintiff's deposition testimony as evidence of its claim. Yet, the Plaintiff never testified that he had no experience with the Code of Federal Regulations. When asked what "CFR" meant on the job posting, he said it referred to a federal certification to address mechanical issues; experienced he lacked. Rodriguez Dep. pp. 57-58. "CFR" on the posting merely sought a general understanding of the code of federal regulations. Kerins Dep. p. 31. Thus, the Plaintiff's deposition testimony is only an acknowledgement that he was not qualified to address train mechanical issues.

the Plaintiff was not qualified is based on criterion that is not mandatory, and the Plaintiff can establish that he has all of the required and desired experience, the Defendant failed to meet its burden of proving the Plaintiff could not demonstrate to a reasonable jury he was qualified.

### C. The Defendant Failed To Show the Plaintiff Was Not Similarly Qualified

The Defendant argues the Plaintiff was not similarly qualified as compared to Brad Webber. As noted above, the Plaintiff met all mandatory criteria, and all but one of the preferred requirements. Exhibit B, Rodriguez Application; Rodriguez Dep. 56-80. On this basis alone the Plaintiff can demonstrate he was similarly qualified. In addition, Mr. Rodriguez provided undisputed testimony that Brad Webber's customer service experience was inferior to his. Rodriguez Dep. pp. 79-80. Mr. Rodriguez' testimony is corroborated by the application of Brad Webber. It shows Mr. Webber did not have the requisite customer service experience until one month before the vacancy in question was posted, when he was appointed Acting District Manager. Exhibit C, Webber Application. Thus, there is sufficient evidence for a reasonable jury to conclude Mr. Rodriguez was more qualified than Mr. Webber, and can establish a *prima facie* case of discrimination.

    D.    <u>There is Sufficient Evidence To Show That the Articulated Reason For Hiring Brad Webber Was Pretext</u>

In *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 254-255 (1981), the Supreme Court held that the burden on the employer to articulate a legitimate, nondiscriminatory reason for an employee's rejection is a burden of production. "The burden that shifts to the defendant, therefore, is to rebut the presumption of discrimination by producing evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason. The defendant need not persuade the court that it was actually motivated by the proffered reasons. See *Sweeney, supra*, at 25. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff. To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection. [9] The explanation provided must be legally sufficient to justify a judgment for the defendant. *Burdine*, at 254-255.

    1.    <u>The Defendant Failed to Articulate a Reason For Refusing to Interview the Plaintiff</u>

At the outset it is important to note the Defendant failed to articulate any reason for failing to interview the Plaintiff. The Plaintiff acknowledges the Defendant stated that the Plaintiff was not interviewed because he was not

5

qualified, but the Defendant cannot produce evidence that the Plaintiff was not qualified. As shown above, the Plaintiff met the mandatory requirements. Thus, at a minimum, the Defendant's motion must on the issue of the discriminatory nature of the promotion process.

      2.    <u>The Articulated Reason Was Pretext</u>

As for the decision to promote Brad Webber instead of the Mr. Rodriguez, the Defendant touts Mr. Webber's knowledge of mechanics as the singular reason for his selection, but this was his weakness. As described by the job posting, the District Manager Stations primary job is customer service. Exhibit A, Job Posting. Mr. Webber's experience in customer service was nonexistent. Prior to April 1, 2009, approximately one month prior to the May 4, 2009 posting of the vacancy,

Mr. Webber's only experience was mechanical work. He had no customer service experience according to his application. Exhibit C, Webber Application. Moreover, there is sufficient evidence for a jury to find management gave Mr. Webber the position as Acting District Manager on April 1, 2009, to give him the requisite experience to qualify for the then upcoming vacant position. Management knew the current District Manager, Richard Esposito, was leaving his position. Davenport Dep. 15. Therefore, management knew when it would have to begin the posting process. Without the Acting District Manager experience,

Mr. Webber would not have been qualified. Knowing Mr. Webber was absolutely inexperienced in customer service, Linda Garrity, a secretary, was appointed, and paid out of class, as Harrisburg Station Manager to assist Mr. Webber until late 2009. Davenport Dep. p. 24; Exhibit D, Garrity's Personnel Action Request; Exhibit E, Garrity Application. To further support him, the soon to be, but not yet, transferred District Manager Esposito, was still on the job. Davenport Dep. p. 42. Put simply, Mr. Webber was unqualified and needed the help of Ms. Garrity and Mr. Esposito to serve as Acting District Manager so that he would qualify for the permanent vacancy scheduled a month later.

Moreover, the extraordinary lengths the management went to qualify Ms. Garrity so that she could help the inexperienced Mr. Webber is further evidence that the articulated reason is mere pretext. To place Ms. Garrity in the temporary station manager position, the Defendant had to violate HR regulations. The governing regulation authorizing Ms. Garrity's temporary management assignment required the position to be posted and the selected person was required to be qualified. Exhibit F, Temporary Management Assignment Regulation, p.2. It was not posted.[3] Davenport Dep. pp. 25-26. A review of Ms. Garrity's application discloses she never claimed to have worked as a supervisor, ever. Exhibit E,

---

[3]Had the temporary management position been posted as required, the Plaintiff would have been more qualified. Thus, he was denied another opportunity, lending further support for a claim of systematic discrimination against the Plaintiff.

Garrity Application. On Garrity's application she asserted she was a secretary from 1999 – 2009; before that she served all but one of her years with Amtrak as a clerk of some type. Accordingly she was not qualified to serve as station manager. Yet, she was given the assignment because Mr. Webber could not do the job without her.

More importantly Mr. Webber's one month of experience prior to the application process is dwarfed as compared to the Plaintiff's entire career; or more specifically, as compared to the Plaintiff's more than fourteen and one half years of experience as a temporary station supervisor and numerous years as a supervisor. Exhibit B, Rodriguez Application.

As for Mr. Webber's extensive mechanical experience, ultimately, that experience was useless in the performance of the job. Nine months after selecting Mr. Webber, or by March of 2010, Mr. Webber had no responsibility for the mechanical functions at his stations; Robert Miller, Mechanical Superintendent, became responsible for any and all mechanical issues. Miller Dep. 7-11. Based on this a reasonable jury could conclude the mechanical function was made a preferred skill on the posting solely to distinguish Mr. Webber from the Plaintiff; or, put another way, the reference to mechanical experience in the posting was specifically designed as a pretext to disqualify the Plaintiff. In either case, there is

sufficient evidence for a jury to find pretext for the selection of Mr. Webber, and the disqualification of the Plaintiff.

As a final note, the Defendant is correct in anticipating the Plaintiff would point to the Defendant's selection of Ms. Garrity for an interview as further evidence of discrimination. A review of Ms. Garrity's application reveals much about the system discrimination against the Plaintiff. First, as noted above, a review of Ms. Garrity's application discloses she never claimed to have worked as a supervisor. Ms. Garrity asserted she was secretary from 1999 – 2009. Exhibit E, Garrity Application. Despite the temporary assignment as station manager, Ms. Garrity she never claimed she worked as one. Instead, in her application she described herself as a secretary to Mr. Webber. Exhibit E, Garrity Application. Before that she served all but one of her years with Amtrak as a clerk of some type. Thus, she had no mandatory supervisory experience. In addition, the primary reason for denying the Plaintiff an interview was his lack of mechanical experience. Yet, Ms. Garrity was interviewed without hands-on mechanical experience management claimed was desired. Davenport Dep. 32-33; Exhibit E, Garrity Application.

Thus, taken as a whole, there is sufficient evidence for a reasonable jury to conclude the Plaintiff was not selected for an interview because he was the most qualified, and was Hispanic.

## II.     CONCLUSION

For the reasons set forth above, the Plaintiff urges this Honorable Court to deny the Defendant's motion in its entirety.

                                      Respectfully submitted,

                                      /s  Nathan C. Pringle, Jr.
                                      Nathan C. Pringle, Jr.
                                      Attorney I. D. Number PA30142
                                      2300 Vartan Way
                                      Harrisburg, PA 17110
                                      (717) 541-0002 – Office
                                      (717) 541-1270 – Fax
                                      pringlelaw@comcast.net
Dated:  March 23, 2012              Attorney for Plaintiff

CERTIFICATE OF SERVICE

*Electronically Filed*

I, Nathan C. Pringle, Jr., hereby certify that on March 23, 2012, I caused the foregoing document, Plaintiff's Brief In Opposition to Defendant's Motion for summary Judgment, to be filed electronically.

/s  Nathan C. Pringle, Jr.