IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELO RODRIGUEZ | : | |
| | : | |
| Plaintiff | : | 11 –CV-00043 |
| | : | |
| v. | : | Honorable Jan E. Dubois |
| | : | |
| | : | |
| NATIONAL RAILROAD | : | Jury Trial Demanded |
| PASSENGER CORPORATION, | : | |
| *t/d/b/a* AMTRAK | : | |
| | : | |
| Defendant | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

AND NOW, comes the Plaintiff, Angelo Rodriguez, by and through her Attorney, Nathan C. Pringle, Jr., to respond to Defendant's Statement of Undisputed Material Facts In Support Of Motion For Summary Judgment, and responds to each respective paragraph as follows:

1. Undisputed.

2. Undisputed.

3. Undisputed.

4. Undisputed.

5. Undisputed.

6. Undisputed.

7. Undisputed. The Defendant does not dispute the Plaintiff's claim.

8. Undisputed.

9. Undisputed.

10. Undisputed.

11. Undisputed.

12. Disputed in part. Kerins stated that she was looking for candidates with a general understanding of the Code of Federal Regulations. Kerins Dep. p. 31.

13. Disputed in part. Linda Garrity's application states that she served a secretary to Brad Webber. Exhibit E, Garrity Application.

14. Disputed in part. Kerins accepted Ms. Garrity, who was not qualified, for an interview. Her application indicates she did not have the mandatory prior supervisory experience. Exhibit E, Garrity Application; Exhibit A, Job Posting.

15. Disputed. Mr. Rodriguez was not selected, and was more qualified than Mr. Webber. Exhibit A, Job Posting; Exhibit B, Rodriguez Application; Exhibit C, Webber Application.

16. Disputed. The Plaintiff was discriminated against in the entirety of the selection process.

17. Undisputed.

18. Disputed. All parties who reviewed Mr. Rodriguez' application had to know

he was an Amtrak employee who worked at the Harrisburg station because he clearly identifies Richard Esposito as his supervisor on the front page of his application. The vacancy at issue was created by Richard Esposito's departure. Exhibit B, Rodriguez Application; See, Statement of Facts 13.

19. Disputed in part. Ms. Kerins, upon review of Mr. Rodriguez' application, had to know he was an Amtrak employee who worked at the Harrisburg station because heclearly identifies Richard Esposito as his supervisor on the front page of his application. The vacancy at issue was created by Richard Esposito's departure. Exhibit B, Rodriguez Application; See, Statement of Facts 13.

20. Disputed. Ms. Kerins knew Mr. Rodriguez had supervisory experience because his application clearly states he supervised various customer service personnel. Ms. Kerins declined to review Mr. Rodriguez' personnel file. Kerins Dep. 62-64; Exhibit B, Rodriguez Application.

21. Disputed in part. Ms. Davenport made the decision that disqualified Mr. Rodriguez despite his application showing management experience, but the job posting did not require budgeting or mechanical experience. Exhibit A, Job Posting; Exhibit B, Rodriguez Application.

22. Dispute in part. Mr. Rodriguez admitted he did not have mechanical experience. While the Defendant also asserts the Plaintiff has no experience with the Code of Federal Regulations, there is no evidence to support that claim. The

Defendant cites the Plaintiff's deposition testimony as evidence of its claim. Yet, the Plaintiff never testified that he had no experience with the Code of Federal Regulations. When asked what "CFR" meant on the job posting, he said it referred to a federal certification to address mechanical issues; experienced he lacked. Rodriguez Dep. pp. 57-58. "CFR" on the posting merely sought a general understanding of the code of federal regulations. Kerins Dep. p. 31. Thus, the Plaintiff's deposition testimony is only an acknowledgement that he was not qualified to address train mechanical issues.

23. Disputed in part. They knew him well enough to conclude he lacked certain work experiences, without checking his personnel file, and despite statements to the contrary on his application. See, Statement of Fact 21.

24. Undisputed.

25. Disputed. Ms. Garrity was paid as a temporary station manager, but worked as a secretary. Exhibit E, Garrity application.

26. Disputed. Ms. Garrity had no mechanical experience. Exhibit E, Garrity Application; Davenport Dep. p.33.

27. Disputed in part. Ms. Garrity, who knew her own work, never stated she worked as an acting station manager. Exhibit E, Garrity Application.

28. Disputed. Ms. Kerins had to know Ms. Garrity worked only as a secretary.

4

29.     Disputed in part. It was determined to interview Ms. Garrity despite her lack of qualifications.

30.     Undisputed.

31.     Disputed. Mr. Webber was selected despite his limited customer service experience.

32.     Undisputed.

33.     Disputed in part. It is not clear what Mr. Webber did because Mr. Esposito, and Ms. Garrity helped perform District Manager duties. Davenport Dep. p.42; Exhibit D, Garrity's Personnel Action Request; Exhibit E, Garrity Application.

34.     Undisputed.

                                          Respectfully submitted,

                                          s/Nathan C. Pringle, Jr.
                                          Nathan C. Pringle, Jr.
                                          Attorney I. D. Number PA 30142
                                          2300 Vartan Way
                                          Second Floor
                                          Harrisburg, PA 17110
                                          Office: (717) 541- 0002
                                          Fax:    (717) 541-1270
March 23, 2012                         pringlelaw@comcast.net

CERTIFICATE OF SERVICE

Electronically Filed

I, Nathan C. Pringle, Jr., hereby certify that on March 23, 2012, I caused to be delivered by electronic filing the foregoing document, Plaintiff's Response to Defendant's Statement of Undisputed Material Facts In Support of Motion for Summary Judgment.

s/Nathan C. Pringle, Jr.